**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JESSIE MAY BETTS, ET AL.,**                                   **PLAINTIFFS,**

**VS.**                                **CIVIL ACTION NO. 2:02CV122-P-B**

**WASHINGTON MUTUAL FINANCE
GROUP, LLC, ET AL.,**                                   **DEFENDANTS.**

## FINAL JUDGMENT

This matter comes before the court *sua sponte* after consideration of the posture of this case.

On August 26, 2004 the court entered an Opinion and Order granting Washington Mutual Finance

Group, LLC, et al.'s motion to compel arbitration filed in the related case *Washington Mutual*

*Finance Group, LLC, et al. v. Butler*, Cause Number 2:02CV168-P. In that case, Washington Mutual

filed a petition to compel arbitration of the claims of the following people, all of whom are among

the plaintiffs in the instant case: L.B. Butler, Inez Clay, Martha Jenkins, Oscar Lee, Sylvester Lemon,

Shirley Lemon, Tommie Phipps, Larry Ransom, Sr., Martha Robinson, Mary Sharkey, Jessie Sims,

Lavonda Smith, Oral Lee Stringer, Lulu Walton, and L.D. Willis, Jr.

"The weight of authority clearly supports dismissal of the case when all of the issues raised

in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d

1161, 1164 (5th Cir. 1992). Therefore, the claims of the aforementioned plaintiffs against the

defendants in this action should be dismissed with prejudice since such claims have been compelled

to binding arbitration.

This leaves the claims of Jessie May Betts, Gayle Brady, Kimbula Fair, Evelyn Hatchett,

1

Larry Haynes, Ethel Ingram, and Dean Ross. On July 1, 2003, the court entered a scheduling order

which stayed all proceedings in this case pending disposition of the Motion to Compel Arbitration

in *Washington Mutual Finance Group, LLC, et al. v. Butler*, Cause Number 2:02CV168. The party

prevailing on said motion was ordered to notify this court within 7 days of the ruling on said motion.

As stated above, the court ruled on the motion on August 26, 2004. No party notified the court in this

case regarding this ruling in 2:02CV168. Nevertheless, on May 20, 2004 Washington Mutual, et al.

filed a notice of stay referencing a class action settlement in the case of *Baker v. Washington Mutual*,

Cause Number 1:04CV137-G in the Southern District of Mississippi. On September 3, 2004, all of

the remaining plaintiffs filed their notice with this court regarding their desire to opt out of the class

action settlement. Therefore, the stay became moot by September 3, 2004 when all the conditions

for a stay were extinguished. Neither the plaintiffs nor their counsel has contacted the court since

then, almost two years ago.

The court concludes that this action should be dismissed with prejudice pursuant to Fed. R.

Civ. P. 41(b) for failure of the plaintiff to prosecute. The court may dismiss with prejudice under

Rule 41(b) *sua sponte*. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). With regard to *sua*

*sponte* dismissal under Rule 41(b), the Court wrote:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice
> because of his failure to prosecute cannot seriously be doubted. The power to invoke
> this sanction is necessary in order to prevent undue delays in the disposition of
> pending cases and to avoid congestion in the calendars of the District Courts. ...
> Neither the permissive language of the Rule [41(b)]-which merely authorizes a
> motion by the defendant-nor its policy requires us to conclude that it was the purpose
> of the Rule to abrogate the power of courts, acting on their own initiative, to clear
> their calendars of cases that have remained dormant because of the inaction or
> dilatoriness of the parties seeking relief. The authority of a court to dismiss sua
> sponte for lack of prosecution has generally been considered an 'inherent power,'
> governed not by rule or statute but by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases. ... Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.

*Id.* at 630-33.

The court is of the opinion that lesser sanctions would not vindicate the purpose of the rules pursuant to *McCloud R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879 (5th Cir. 1984) given that both of the conditions warranting the stay in this case were extinguished two years ago and there has been no contact with the court by the plaintiffs or their counsel regarding this case since then. This case is one among many of the so-called "predatory lending" cases that have crowded the court's docket for at least four years. Many of these cases involve the same attorneys and though some of the plaintiffs in some of the cases are members of a class waiting for Fifth Circuit approval of a class action settlement referenced above – which contributes to docket congestion – none of the remaining plaintiffs in this action are part of that settlement.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The claims of L.B. Butler, Inez Clay, Martha Jenkins, Oscar Lee, Sylvester Lemon, Shirley Lemon, Tommie Phipps, Larry Ransom, Sr., Martha Robinson, Mary Sharkey, Jessie Sims, Lavonda Smith, Oral Lee Stringer, Lulu Walton, and L.D. Willis, Jr. are **DISMISSED WITH PREJUDICE** since they have been compelled to binding arbitration;

(3) The claims of Jessie May Betts, Gayle Brady, Kimbula Fair, Evelyn Hatchett, Larry Haynes, Ethel Ingram, and Dean Ross are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute for two years; thus,

(3) This case is **CLOSED**.

**SO ORDERED** this the 17th day of August, A.D., 2006.

                                              /s/ W. Allen Pepper, Jr.

                                              W. ALLEN PEPPER, JR.

                                              UNITED STATES DISTRICT JUDGE